HON. F. J. MOSES, CHIEF JUSTICE.
HON. A.. J. WILLARD, ASSOCIATE JUSTICE.
HON. J. J. WRIGHT, ASSOCIATE JUSTICE.

---

OSMA BAILEY *vs.* GREENVILLE AND COLUMBIA RAILROAD COMPANY.

One who hired from their owner, between the 1st July, 1864, and the 30th April, 1865, certain persons claimed to be slaves, and received the benefit of their services, must pay to the owner the hire agreed on; and this whether the slaves were liberated by the emancipation proclamation of 1863 or not.

BEFORE MELTON, J., AT RICHLAND, OCTOBER TERM, 1870.

The only question made in this case was whether the plaintiff, the owner, could recover for the hire of slaves from the 1st July, 1864, to the 30th April, 1865, under a contract with the defendant. His Honor held that he could, and judgment was given for the plaintiff.

The defendant appealed, and contended that the persons hired were free, under the President's proclamation of 1st January, 1863.

*Chamberlain, Dunbar,* for appellant, cited the emancipation pro-

clamation of the President, issued 1st January, 1863.—Stat. at Large for 1862 and 1863, Appen. 2, 3.

*Rhett*, for appellee : The persons hired continued to be slaves until April, 1865. But, if not slaves, defendant got the benefit of their services, under his contract with plaintiff, and must pay according to the terms of his contract.— *West* vs. *Hall*, 64 N. C. R. ; *Maxwell* vs. *Hip*, 64 N. C. R. ; 9 Amer. Law Reg., 390 ; *Morgan* vs. *Nelson*, *Mudd* vs. *McElwain*; Amer. Law Times, May, 1868, p. 117 ; 3 Amer. Law Times, May, 1870, p. 116.

March 27, 1871. The opinion of the Court was delivered by

WRIGHT, A. J. It appears that, some time between the 1st day of July, 1864, and the 30th of April, 1865, the plaintiff made a contract with the Greenville and Columbia Railroad Company to furnish persons to labor for said company.

The following persons were furnished, to wit: George, Carson, Moses, Jerry, Geoffrey, Marcus, Harry, Charles, Adam, Emanuel, Robert and Amos.

These persons performed the labor required by the said railroad company. This fact is admitted in the defendant's answer.

·The plaintiff claims that the persons he furnished the defendants as laborers at the time were his slaves, and continued such till some time in 1865, when they were emancipated; while the defendants *claim* that the said persons were free from January 1, 1863, by virtue of the emancipation proclamation of the President of the United States, and, therefore, they are not indebted to the plaintiff for the services which the said persons rendered the said railroad company.

It is clear that the plaintiff had control of the services of the said persons, and that the defendants so regarded him; otherwise, they would not have contracted with him for the services of the said laborers.

In this case, two questions present themselves for the consideration of this Court:

1st. The defendants having hired from the plaintiff several persons to perform service, and the persons having rendered the required service, are the defendants liable to the plaintiffs for the wages of the said persons?

2d. In what way could the emancipation proclamation of the President of the United States affect these laborers which plaintiff

claims were his slaves during the' time they rendered service to the defendants?

The latter question we do not consider material to the proper disposition of this case.

The defendants having made an agreement with the plaintiff for the labor of some persons, whose services the plaintiff controlled at the time, and the persons having rendered the required service to the defendants, the defendants are liable to the plaintiff for the wages of the said persons during the time they served them, whether the said laborers were or were not slaves.

This fact is too plain for discussion.

The motion is dismissed.

. *Moses*, C. J., and *Willard*, A. J., concurred.